# IN THE COURT OF APPEALS OF IOWA

No. 21-0057
Filed March 30, 2022

**TOBY RYAN RICHARDS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.

Toby Richards appeals the dismissal of his applications for postconviction

relief. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

Toby Richards filed three postconviction relief (PCR) applications. Richards claimed he received ineffective assistance of counsel with respect to three separate convictions for domestic abuse. The PCR court dismissed his applications, and Richards appeals.[1] We affirm.

We review ineffective-assistance claims de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To prevail on his ineffective-assistance-of-counsel claims, Richards "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (citation omitted). "Both elements must be proven by a preponderance of the evidence." *Ledezema v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The first element is satisfied when the applicant demonstrates counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the [applicant] by the Sixth Amendment." *State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021) (citation omitted). "Prejudice occurs if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted). "Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless." *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

Richards's first application concerns his conviction in case SRCR351538.[2] In that case, a jury rejected Richards's self-defense claim and convicted him of

---

[1] The PCR addressed all three of Richard's applications together. Likewise, this appeal addresses all of Richards's claims across the three cases.

[2] All three of the criminal cases at issue here were prosecuted in Scott County.

domestic abuse assault resulting in bodily injury. Richards claims he received ineffective assistance of counsel because counsel allegedly failed to present photos of his own injuries and testimony of the booking officer regarding Richards's injuries. Richards theorizes that this evidence would have supported his self-defense claim. But Richards's theory fails for a few reasons. First, photos of Richards's injuries were admitted at his criminal trial. In fact, they appear to be the same pictures he now claims were never admitted. Even if they are different photos, they show the same injuries (scratches to Richards's face, neck, and chest), so the jury had evidence of his injuries to consider when it rejected his self-defense claim. Second, Richards never called the booking officer at the PCR hearing. So we have no idea what the officer would have testified to had counsel called him at the criminal trial. Third, presumably the booking officer's testimony about Richards's injuries would have merely duplicated the photos already admitted at trial. So no prejudice would result from counsel's failure to call the officer to testify. And we conclude Richards did not receive ineffective assistance in SRCR351538.

Richards's second application concerns case FECR377195. There, Richards pled guilty to aggravated domestic assault, second offense, for assaulting E.L. But Richards claims he received ineffective assistance of counsel because his counsel did not interview E.L. Richards notes that E.L. asked the court to dismiss a no-contact order against Richards. In her motion, E.L. denied the underlying facts of the criminal case. So Richards reasons that, if counsel had talked to E.L., counsel would have advised Richards to not accept the plea offer.

But E.L. did not testify at the PCR hearing. So we cannot know what she would have said to counsel. We cannot say whether it would have been favorable to Richards or not. Moreover, as the State highlights, even if E.L. had denied Richards assaulted her, there was other compelling evidence of Richards's assault of E.L. A police report detailed an officer's observations of E.L. following the assault. They include the officer's observation that E.L. "had redness and swelling on her neck, a freshly broken front tooth in the top of her mouth, a small laceration on the lower left side of her lip, and blood in her left ear." And a field report noted police took seven photos of E.L.'s injuries. Given this evidence, we conclude that—even if counsel should have interviewed E.L.—Richards suffered no prejudice.

Richards also claims counsel was ineffective in FECR377195 because counsel never discussed the case with him and "never suggested the possibility of going to trial." But the PCR court never ruled on this claim, and Richards did not subsequently file a motion requesting ruling. So it is not preserved for our review. *See Lamasters v. State,* 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (citations omitted)).

Richards's third application concerns case AGCR379842. There, Richards also pled guilty to aggravated domestic assault, second offense, for assaulting E.L. Here again, Richards claims counsel was ineffective for not interviewing E.L. And

again he references her recantation when asking for a no-contact order to be dropped. But E.L. filed that motion on July 27, 2016, and the assault alleged in AGCR379842 occurred on August 31, 2016. So E.L.'s recantation could not relate to the assault alleged in AGCR379842. And again we note that—because E.L. did not testify at the PCR hearing—we have no way of knowing if E.L. would have had favorable information for Richards. However, it appears the assault was captured on security camera footage. That evidence would negate any denial E.L. could have provided counsel. So again, even if counsel should have interviewed E.L., Richards suffered no prejudice in light of the strong evidence supporting his guilt.

And as to Richards's claim that counsel did not discuss the case with him or consider the possibility of going to trial in AGCR379842, he has once again failed to preserve error. The PCR court never ruled on this claim, and Richards did not subsequently file a motion requesting a ruling. So it is not preserved for our review. *See id.*

In sum, we conclude Richards is not entitled to any relief in any of his three PCR actions.[3]

**AFFIRMED.**

---

[3] To the extent Richards attempts to raise an actual-innocence claim relating to any of his three underlying convictions, we conclude he has failed to meet his burden to establish his actual innocence by clear and convincing evidence. *See Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018) ("For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.").